UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALEDANDER PROUT,

                            Plaintiff,

                 -against-

ANNE C. VLADECK & VLADECK RASKIN
CLARK, P.C.,

                            Defendants.
-----------------------------------------------------------------X

Case No. 18-CV-00260 (JSR)(RLM)

## MEMORANDUM OF LAW SUBMITTED ON BEHALF OF DEFENDANTS IN SUPPORT OF THEIR MOTION TO DISQUALIFY SANFORD HEISLER SHARP, LLP AS PLAINTIFF'S COUNSEL HEREIN

*Of Counsel*:
Ivan S. Smith
Anthony J. Proscia
Adam M. Marshall

**KAUFMAN DOLOWICH & VOLUCK, LLP**
40 Exchange Place, 20th Floor
New York, New York 10005
T: (212) 485-9600
F: (212) 485-9700
E: ISmith@kdvlaw.com
    AProscia@kdvlaw.com
    AMarshall@kdvlaw.com

*Attorneys for Defendants Vladeck, Raskin & Clark, P.C. and Anne C. Vladeck, Esq.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................ii

PRELIMINARY STATEMENT..........................................................................1

PROCEDURAL HISTORY and STATEMENT OF FACTS.................................1

ARGUMENT........................................................................................................1

      POINT I:      THE SANFORD FIRM SHOULD BE DISQUALIFIED ON THE
                          BASIS OF THE ADVOCATE-WITNESS RULE................................1

            A.      The Sanford Firm is a Necessary Party to the Instant Action,
                    and Its Testimony and Documents are Critical to the Central Issues
                    in This Action....................................................................................4

            B.      The Risk of Prejudice from the Sanford Firm's Testimony and
                    Documents is Substantial.................................................................10

      POINT II:     THE SANFORD FIRM SHOULD BE DISQUALIFIED
                          BECAUSE ITS REPRESENTATION OF PLAINTIFF CREATES
                          A CONFLICT OF INTEREST............................................................11

CONCLUSION....................................................................................................13

# TABLE OF AUTHORITIES

*Cases*

*Achtan v. Kirby, McInerney & Squire, LLP,*
464 F.3d 328 (2d Cir. 2006)..................................................................................7

*Acme Analgesics, Ltd. v. Lemmon Co.,*
602 F. Supp. 306 (S.D.N.Y. 1985).........................................................................4

*Air Italy S.p.A. v. Aviation Techs., Inc.,*
No. 10-CV-20 (JG)(JMA), 2011 WL 96682 (E.D.N.Y. Jan. 11, 2011)..................4

*Albin v. Pearson,*
289 A.D.2d 272, 734 N.Y.S.2d 564 (App. Div. 2001)..........................................7

*Brenner v. Reiss Eisenpress, LLP,*
155 A.D.3d 437, 63 N.Y.S.2d 238 (App. Div. 2017).............................................7

*Cheng v. GAF Corp.,*
631 F.2d 1052 (2d Cir. 1980).................................................................................4

*Chin v. Rogoff & Co., P.C.,*
No. 05-CV-8360 (NRB), 2008 WL 2073934 (S.D.N.Y. May 8, 2008)..........8 n.3

*Decker v. Nagel Rice LLC,*
716 F. Supp. 2d 228 (S.D.N.Y. 2010)...................................................2, 3, 4, 10, 12

*DiGiacomo v. Levine,*
76 A.D.3d 946, 907 N.Y.S.2d 499 (App. Div. 2010)............................................7

*Digital Realty Trust Inc. v. Somers,*
_ U.S. _, 138 S. Ct. 767 (2018)........................................................................6 n.2

*Farrell Family Ventures, LLC v. Sekas & Assocs., LLC,*
863 F. Supp. 2d 324 (S.D.N.Y. 2012)...................................................................12

*Golden v. Cascione, Chechanover & Purcigiotti,*
286 A.D.2d 281, 729 N.Y.S.2d 140 (App. Div. 2001)..........................................7

*Gorbaty v. Wells Fargo Bank, N.A.,*
No. 10-CV-3291 (NGG), 2011 WL 318090 (E.D.N.Y. Feb. 1, 2011)..............2 n.1

*Hempstead Video, Inc. v. Village of Valley Stream,*
409 F.3d 127 (2d Cir. 2005).................................................................................10

*Hufstader v. Friedman & Molinsek, P.C.*,
150 A.D.3d 1489, 55 N.Y.S.3d 509 (App. Div. 2017)..................................................7

*Hull v. Celanese Corp.*,
513 F.2d 568 (2d Cir. 1975)..........................................................................................4

*IMO Indus. V. Anderson Kill & Olick, P.C.*,
192 Misc. 2d 605, 746 N.Y.S.2d 572 (Sup. Ct. N.Y. Cty. 2002)..........................8-9 n.3

*Jakobleff v. Cerrato, Sweeney & Cohn*,
97 A.D.2d 834, 468 N.Y.S. 895 (App. Div. 1983)................................................8-9 n.3

*Kozmol v. Law Firm of Allen L. Rothenberg*,
241 A.D.2d 484, 660 N.Y.S.2d 63 (App. Div. 1997)....................................................7

*Lamborn v. Dittmer*,
873 F.2d 522 (2d Cir. 1989)....................................................................................3, 11

*Maksimiak v. Schwartzapfel Novick Truhowsky Marcus, P.C.*,
82 A.D.3d 652, 919 N.Y.S.2d 330 (App. Div. 2011)....................................................7

*Millenium Imp., LLC v. Reed Smith LLP*,
104 A.D.3d 190, 958 N.Y.S.2d 375 (App. Div. 2013)..................................................8

*Multi-Juice, S.A. v. Snapple Beverage Corp.*,
No. 02-CV-4635 (RPP), 2003 WL 1961636 (S.D.N.Y. Apr. 25, 2003).......................4

*Munk v. Goldome National Corp.*,
697 F. Supp. 784 (S.D.N.Y. 1988).................................................................................4

*Murray v. Metropolitan Life Ins. Co.*,
583 F.3d 173 (2d Cir. 2009)...........................................................................2 n.1, 3, 10

*National Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Group*,
937 F. Supp. 2d 276 (S.D.N.Y. 1996)............................................................................2

*Paramount Commc'n, Inc. v. Donaghy*,
858 F. Supp. 391 (S.D.N.Y. 1994).................................................................................2

*People v. Gentile*,
96 A.D.2d 950, 466 N.Y.2d 405 (App. Div. 1983).......................................................4

*People v. Paperno*,
429 N.E.2d 797, 54 N.Y.2d 294 (1981)....................................................................3, 4

*Perks v. Lauto & Garabedian,*
306 A.D.2d 261, 760 N.Y.S.2d 231 (App. Div. 2003)..................................................7

*Purgess v. Sharrock,*
33 F.3d 134 (2d Cir. 1994)..............................................................................1

*Ramchair v. Conway,*
601 F.3d 66 (2d Cir. 2010)...........................................................................3, 4

*Ramey v. Dist. 141, Int'l Ass'n of Machinists and Aerospace Workers,*
378 F.3d 269 (2d Cir. 2004).............................................................................10

*Schauer v. Joyce,*
429 N.E.2d 83, 54 N.Y.2d 1 (1981)......................................................................8

*Sea Trade Mar. Corp. v. Coutsodontis,*
No. 09-CV-488 (BSJ)(HBP), 2011 WL 3251500 (S.D.N.Y. July 25, 2011)..........................2

*Skyline Travel, Inc. v. Skylink Travel, Inc.,*
No. 08-CV-991 (LTS)(MHD), 2009 WL 1119418 (S.D.N.Y. Apr. 23, 2009)..................2 n.1

*Soberman v. Groff Studios Corp.,*
No. 99-CV-1005 (DLC), 1999 WL 349989 (S.D.N.Y. June 1, 1999)............................2-3

*S.S. v. D.M.,*
597 A.2d 870 (D.C. Ct. App. 1991).....................................................................11

*Stratavest Ltd. v. Rogers,*
903 F. SUpp. 663 (S.D.N.Y. 1995).......................................................................3

*Tiuman v. Canant,*
No. 92-CV-5813 (JFK), 1994 WL 198690 (S.D.N.Y. May 19, 1994).................................4

*Ulrich v. Moody's Corp.,*
No. 17-1060, 2018 WL 357539 (2d Cir. Jan. 11, 2018)..........................................6 n.2

*United States v. Napoli,*
No. 10-CR-150 (JG), 2010 WL 1687669 (E.D.N.Y. Apr. 27, 2010)............................1-2, 3

*Volpe v. Canfield,*
237 A.D.2d 282, 654 N.Y.S.2d 160 (App. Div. 1997).................................................7

*Zaccaro v. Bowers,*
2 Misc. 3d 733, 771 N.Y.S.2d 332 (Civ. Ct. N.Y. Cty. 2003).......................................3, 9

***Statutes***

Dodd-Frank Wall Street Reform and Consumer Protection Act............................................6, 8

Family Medical Leave Act..............................................................................................5, 6, 8

Federal Rule of Civil Procedure 14(a)(1).................................................................................7

New York City Human Rights Law.................................................................................6, 8

New York Civil Practice Law and Rule 1401......................................................................7-8

New York State Human Rights Law..............................................................................6, 8

New York Rules of Professional Conduct 1.7(a)..........................................................11, 12

New York Rules of Professional Conduct 3.7(a)....................................................2, 3, 10, 11

Sarbanes-Oxley Act of 2002.......................................................................................5, 6

Section 1981 of the Civil Rights Act of 1866................................................................6, 8

Title VII of the Civil Rights Act of 1964..........................................................................5, 6

## PRELIMINARY STATEMENT

Defendants VLADECK, RASKIN & CLARK, P.C., incorrectly sued herein as Vladeck Raskin Clark, P.C. ("VRC"), and ANNE C. VLADECK, ESQ. ("Vladeck") (collectively, the "Defendants") submit this Memorandum of Law in support of their motion to disqualify Sanford Heisler Sharp, LLP and all of its attorneys (collectively, the "Sanford Firm"), as counsel of record for Plaintiff Alexander Prout, incorrectly captioned herein as Aledander Prout ("Plaintiff" or "Prout").

## PROCEDURAL HISTORY and STATEMENT OF FACTS

Plaintiff commenced this action by filing his Complaint in the United States District Court for the Southern District of New York on or about January 11, 2018. [Proscia Decl., Ex. A.]

The pertinent facts are set forth more fully in Plaintiff's Complaint, [Proscia Decl., Ex. A], and the exhibits annexed to the Proscia Declaration in support of the Defendants' motion for dismissal, [Proscia Decl., Ex. B], and the dismissal motion's accompanying Memorandum of Law in Support. [Proscia Decl., Ex. C.] For the purposes of brevity, the facts stated therein will only be restated herein as is necessary, and are incorporated by reference herein.

## ARGUMENT

### POINT I

### THE SANFORD FIRM SHOULD BE DISQUALIFIED ON THE BASIS OF THE ADVOCATE-WITNESS RULE

A motion to disqualify an attorney is committed to the discretion of this Court. *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994). In New York, as attorney may be disqualified from representing a client in an action when such attorney is a necessary witness who has "knowledge of the facts and [has] participate[d] in some of the events giving rise to [the

lawsuit]" and who, if allowed to participate as both an advocate and a witness, "would jeopardize [the court's] interest in ensuring that the trial is conducted fairly and in conformity with prevailing ethical rules." *United States v. Napoli*, No. 10-CR-150 (JG), 2010 WL 1687669, at *4 (E.D.N.Y. 2010).

The advocate-witness rule, as set forth in Rule 3.7(a) of the New York Rules of Professional Conduct, provides that, with certain exceptions, "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact . . . ." N.Y. Rule of Professional Conduct 3.7(a).[1]

In order to disqualify an attorney based on the advocate-witness rule, "a party must demonstrate that the testimony is both necessary and substantially likely to be prejudicial." *Decker v. Nagel Rice, LLC*, 716 F. Supp. 2d 228, 232 (S.D.N.Y. 2010) (*quoting National Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 280-81 (S.D.N.Y. 1996)) (internal quotation mark omitted); *see also Sea Trade Mar. Corp. v. Coutsodontis*, No. 09-CV-488 (BSJ)(HBP), 2011 WL 3251500, at *7-8 (S.D.N.Y. July 25, 2011); *Paramount Commc'ns, Inc. v. Donaghy*, 858 F. Supp. 391, 394-95 (S.D.N.Y. 1994). "A finding of necessity takes into account such factors as the significance of the matters, the weight of the testimony,

---

[1] The exceptions to Rule 3.7(a) are: "(1) the testimony relates solely to an uncontested issue; (2) the testimony relates solely to the nature and value of legal services rendered in the matter; (3) disqualification of the lawyer would work substantial hardship on the client; (4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or (5) the testimony is authorized by the tribunal." None of these exceptions are applicable. To the extent Plaintiff may argue substantial hardship, said argument is unavailing. This action is at the preliminary pleadings stage, which will allow Plaintiff an opportunity to retain new counsel for the duration of the action, *Gorbaty v. Wells Fargo Bank, N.A.*, No. 10-CV-3291 (NGG), 2011 WL 318090, at *3 (E.D.N.Y. Feb. 1, 2011) ("[F]inding new counsel later in the litigation may work a greater hardship"), and to avoid the undue cost of new counsel getting up to speed, *Murray v. Metropolitan Life Ins. Co.*, 583 F.3d 173, 180 (2d Cir. 2009); *see also Skyline Travel, Inc. v. Skylink Travel, Inc.*, No. 08-CV-991 (LTS)(MHD), 2009 WL 1119418, at *3 (S.D.N.Y. Apr. 23, 2009) (finding no substantial hardship if plaintiff aware of "quandary since early in litigation").

and the availability of other evidence .... In cases where the lawyer's testimony is highly relevant and solely within her possession, it is apparent that she must be disqualified." *Soberman v. Groff Studios Corp.*, No. 99-CV-1005 (DLC), 1999 WL 349989, at *7 (S.D.N.Y. June 1, 1999) (*quoting Stratavest Ltd. v. Rogers*, 903 F. Supp. 663, 667 (S.D.N.Y. 1995)). The relevant inquiry regarding necessity is whether the anticipated testimony goes to a genuine and important disputed issue of fact. *Ramchair v. Conway*, 601 F.3d 66, 75-77 (2d Cir. 2010) (attorney disqualified because he would be required to testify about "facts material to the trial"); *Napoli*, 2010 WL 1687669, at *10-11 (disqualification proper if attorney required to testify as to client's motive and a disputed material fact); *People v. Paperno*, 429 N.E.2d 797, 54 N.Y.2d 294, 299-300 (1981) ("The advocate witness rule ... generally requires the lawyer to withdraw from employment when it appears he ... will be called to testify regarding a disputed issue of fact.").

"Prejudice" in the disqualification context means "testimony that is sufficiently adverse to the factual assertions or accounts of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony." *Decker*, 716 F. Supp. 2d at 232 (*quoting Murray*, 583 F.3d at 178); *see also Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989). Additionally, the Rule 3.7 Comments warn that "combining the roles of advocate and witness can prejudice the tribunal and the opposing party," and note that "the opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation." N.Y. Rule of Professional Conduct 3.7, Comment 1; *see also Zaccaro v. Bowers*, 2 Misc. 3d 733, 736, 771 N.Y.S.2d 332 (Civ. Ct. N.Y. Cty. 2003) (explaining that when "the attorney's credibility becomes an issue in the case" conflicts arise that may prejudice the opposing party). While the party seeking disqualification must show that the testimony sought is "necessary" and "prejudicial," any doubts the Court has "are to be resolved

in favor of disqualification." *Decker*, 716 F. Supp. 2d at 231 (*citing Cheng v. GAF Corp.*, 631 F.2d 1052, 1059 (2d Cir. 1980); *see Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975).

Further, the likelihood of prejudice because an attorney has become "handicapped in representing his client" is particularly acute where the attorney's testimony could be injurious to his client's interests." *Id*. Thus, when "it appears that [the attorney] will be called as a witness to testify on behalf of the adverse party," the advocate-witness rule requires recusal. *People v. Gentile*, 96 A.D.2d 950, 952, 466 N.Y.S.2d 405 (App. Div. 1983) (*citing Paperno*, 54 N.Y.2d at 299-300). Similarly, "[i]t is well established that once representation is undertaken," the advocate-witness rule requires that an attorney withdraw as advocate "if it appears that he must testify on behalf of his own client" regarding a disputed issue of fact. *Ramchair*, 601 F.3d at 77.

### A. The Sanford Firm is a Necessary Party to the Instant Action, and Its Testimony and Documents <u>are Critical to the Central Issues in This Action</u>

Where an attorney "negotiates, executes, and administers a contract, and is the key witness at trial," it is clear that he should be disqualified from representation. *Tiuman v. Canant*, No. 92-CV-5813 (JFK), 1994 WL 198690, at *4 (S.D.N.Y. May 19, 1994) (*citing Acme Analgesics, Ltd. v. Lemmon Co.*, 602 F. Supp. 306, 306-07 (S.D.N.Y. 1985)); *see Multi-Juice, S.A. v. Snapple Beverage Corp.*, No. 02-CV-4635 (RPP), 2003 WL 1961636, at *7 (S.D.N.Y. Apr. 25, 2003) (attorney-witness disqualified due to his extensive involvement in underlying settlement); *Munk v. Goldome National Corp.*, 697 F. Supp. 784, 785 (S.D.N.Y. 1988). Disqualification is also warranted "[w]here an attorney is the sole representative for a party at numerous meetings and conversations negotiating the terms of an agreement at issue in the litigation." *Air Italy S.p.A. v. Aviation Techs., Inc.*, No. 10-CV-20 (JG)(JMA), 2011 WL 96682, at *3 (E.D.N.Y. Jan. 11, 2011) (internal quotation marks and citation omitted).

4

Accordingly, it is clear that the Sanford Firm should be disqualified in accordance with the advocate-witness rule. Indeed, even prior to commencement of this action, the Sanford Firm should have recognized that it and its attorneys would be called as material witnesses in this action.

Pertinent to the instant motion, the Defendants' representation of Plaintiff ended June 27, 2017, effectively immediately. [Proscia Decl., Ex. B at Ex. I.] Plaintiff had retained the Sanford Firm to represent his interests with respect to his potential employment claim against Plaintiff's former employer ("Employer 1"). [Proscia Decl., Ex. B at Ex. I.] By his own Complaint, Plaintiff concedes that the Sanford Firm thereafter negotiated with his former employer and that Plaintiff and the Sanford Firm settled Plaintiff's potential claims against his former employer. [Proscia Decl., Ex. B at Ex. A, at ¶ 45.]

In this lawsuit, Plaintiff now alleges that the Defendants were negligent because they failed to pursue and he "lost" viable claims against, presumably, Employer 1 premised on (i) non-willful Family Medical Leave Act ("FMLA"); (ii) Sarbanes-Oxley Act of 2002 ("SOX"); and (iii) Title VII of the Civil Rights Act of 1964 ("Title VII"). [*See generally* Proscia Decl., Ex. A.]

However, at the time that Plaintiff retained the Sanford Firm, he had multiple potential claims that he could pursue against Employer 1.

First, while Plaintiff may not have had a non-willful FMLA claim at the time he retained the Sanford Firm, Plaintiff had an available willful FMLA claim. Plaintiff and the Sanford Firm had approximately five months to commence an action before the willful FMLA statute of limitations expired. If Plaintiff and the Sanford Firm pursued a willful FMLA claim, Prout would have been able to recover the identical damages that he supposedly "lost" when the non-willful FMLA claim statute of limitations expired.

5

Second, while Plaintiff may not have had a SOX claim at the time he retained the Sanford Firm, Plaintiff had an available claim under the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank").[2] Again, Plaintiff and the Sanford Firm had approximately five months to commence an action before the Dodd-Frank claim statute of limitations expired. If Plaintiff and the Sanford Firm pursued a Dodd-Frank claim, Prout would have been able to recover even more damages than those he supposedly "lost" by not pursuing the SOX claim (i.e., Dodd-Frank entitled Prout to double back pay).

Third, while Plaintiff may not have had a Title VII claim at the time he retained the Sanford Firm, Plaintiff had race/national origin claims available to him under (i) Section 1981 of the Civil Rights Act of 1866 ("Section 1981"); (ii) the New York State's Human Rights Law ("NYSHRL"); and (iii) the New York City's Human Rights Law ("NYCHRL"). At the time of retention, Plaintiff and the Sanford Firm had approximately five months to pursue the NYSHRL and NYCHRL claims, and almost one and one-half years to pursue the Section 1981 claim against Employer 1. If Plaintiff and the Sanford Firm pursued the Section 1981, NYSHRL and NYCHRL claims, Prout would have been able to recover the identical damages that he claims he "lost" when the Title VII claim was not pursued, and more (i.e., generally Section 1981 does not cap a plaintiff's recovery of compensatory or punitive damages).

The basis for the claim against the Defendants herein is his supposed inability to recover unidentified damages because he lost the non-willful FMLA, SOX and Title VII claims. However, Plaintiff and the Sanford Firm could have pursued still available claims and recovered

---

[2] Plaintiff had a potentially viable Dodd-Frank claim against Employer 1 from the time he retained the Sanford Firm in June of 2017 through the time he reached a settlement with Employer 1 prior to the commencement of this action on January 11, 2018. *Compare Ulrich v. Moody's Corp.*, No. 17-1060, 2018 WL 357539, at *3 (2d Cir. Jan. 11, 2018) (summary order); *with Digital Realty Trust Inc. v. Somers*, _ U.S. _, 138 S. Ct. 767, 776-78 (2018) (holding that employees cannot bring whistleblower claims under Dodd-Frank's anti-retaliation provision unless they report their concerns regarding violations to federal authorities).

6

those same exact damages. The Sanford Firm, as Plaintiff's successor counsel, had the ability to commence an action against Employer 1 setting forth the numerous available claims, but failed to do so.

Accordingly, the Sanford Firm was negligent in its representation of Plaintiff, as his successor counsel. The Defendants have set forth the foregoing as a basis for dismissal of Plaintiff's Complaint, given that the Sanford Firm's failure to pursue viable claims on behalf of the Plaintiff constitutes an intervening and superseding cause, breaking the causal chain between any conduct of the Defendants and Plaintiff's alleged loss of ability to recover certain damages. [*See* Proscia Decl., Exs. B, C.] *See also Achtan v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006); *Brenner v. Reiss Eisenpress, LLP*, 155 A.D.3d 437, 437, 63 N.Y.S.3d 238 (N.Y. App. Div. 2017); *Hufstader v. Friedman & Molinsek, P.C.*, 150 A.D.3d 1489, 1490, 55 N.Y.S.3d 509 (App. Div. 2017); *Maksimiak v. Schwartzapfel Novick Truhowsky Marcus, P.C.*, 82 A.D.3d 652, 652, 919 N.Y.S.2d 330 (App. Div. 2011); *DiGiacomo v. Levine*, 76 A.D.3d 946, 949-50, 907 N.Y.S.2d 499 (App. Div. 2010); *Perks v. Lauto & Garabedian*, 306 A.D.2d 261, 262, 760 N.Y.S.2d 231 (App. Div. 2003); *Golden v. Cascione, Chechanover & Purcigiotti*, 286 A.D.2d 281, 281, 729 N.Y.S.2d 140 (App. Div. 2001); *Albin v. Pearson*, 289 A.D.2d 272, 272-73, 734 N.Y.S.2d 564 (App. Div. 2001); *Volpe v. Canfield*, 237 A.D.2d 282, 283, 654 N.Y.S.2d 160 (App. Div. 1997); *Kozmol v. Law Firm of Allen L. Rothenberg*, 241 A.D.2d 484, 485-86, 660 N.Y.S.2d 63 (App. Div. 1997).

Moreover, if the Defendants do not prevail on their motion to dismiss, they intend to implead the Sanford Firm, pursuant to Federal Rule of Civil Procedure 14(a)(1), asserting claims against the Sanford Firm sounding in (i) common law contribution; and (ii) common law indemnification.

Pursuant to New York Civil Practice Law and Rule 1401:

> [T]wo or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them as to whether or not an action has been brought or a judgment has been rendered against the person from who contribution is sought.

N.Y. C.P.L.R. 1401. In fact, the New York State Court of Appeals has expressly held that an attorney sued for legal malpractice may bring a contribution claim against another attorney, whether said attorney was retained subsequently, concurrently or independently, whose negligence has caused, contributed to or aggravated the plaintiff's alleged damages. *See Schauer v. Joyce*, 429 N.E.2d 83, 54 N.Y.2d 1, 5 (1981) (holding that CPLR 1401 "applies not only to joint tortfeasors, but also to concurrent, successive, independent, alternative, and even intentional tortfeasors"); *see also Millennium Imp., LLC v. Reed Smith LLP*, 104 A.D.3d 190, 193-94, 958 N.Y.S.2d 375 (App. Div. 2013). It is therefore black-letter law in New York State that concurrent and/or successor tortfeasors may seek contribution and, as such, the Defendants' impleader claim against the Sanford Firm for its subsequent negligent advice and/or negligent representation of Plaintiff would be viable.

Additionally, it is clear that the Sanford Firm will be called upon to produce its file concerning (i) its subsequent representation of Plaintiff; (ii) its advice, if any, provided to Plaintiff concerning his still available willful FMLA, Dodd-Frank, Section 1981, NYSHRL and NYCHRL claims; (iii) its advice, if any, provided to Plaintiff concerning the negotiations and settlement of his claims with, presumably, Employer 1; (iv) its negotiation of that settlement; and (v) Plaintiff's motives in deciding to enter into the settlement with his former employer.[3] The

---

[3] Given Plaintiff's assertion of a legal malpractice claim against the Defendants and the purported "loss" of claims against his former employer, Plaintiff has waived any claims of privilege with respect to its subsequent communications with and representation by the Sanford Firm. *Chin v. Rogoff & Co., P.C.*, No. 05-CV-8360 (NRB), 2008 WL 2073934, at *5-7 (S.D.N.Y. May 8, 2008); *IMO Indus. v. Anderson Kill & Olick, P.C.*, 192 Misc. 2d 605, 609, 746 N.Y.S.2d 572 (Sup. Ct. N.Y. Cty. 2002) ("The attorney-client privilege is waived where the client places the subject matter of the communication in issue or where the invasion of the

Sanford Firm also will be called upon to be deposed concerning each of the foregoing. It is clear that the Sanford Firm cannot act as both advocate and witness with respect to Plaintiff's legal malpractice claim against the Defendants.

Moreover, the Sanford Firm is a necessary witness with respect to Plaintiff's breach of fiduciary duty claim against the Defendants. Plaintiff's breach of fiduciary duty claim appears to be premised on the allegation that the Defendants refused to provide Plaintiff with his file. [Proscia Decl., Ex. A, at ¶¶ 54-55.] The Sanford Firm—by the Complaint it drafted herein—places itself as an integral witness concerning Plaintiff's breach of fiduciary duty claim against the Defendants. Specifically, the Sanford Firm states that it communicated directly with the Defendants concerning their file relating to Plaintiff. [Proscia Decl., Ex. A, at ¶¶ 38-40.]

Yet again, it is clear that the Sanford Firm will be called upon to produce its file and to be deposed concerning the sum and substance of its communications with the Defendants concerning (i) the file; (ii) the billing invoices; and (iii) the Defendants' demand that Plaintiff pay the Defendant for the legal services rendered. It is clear that the Sanford Firm cannot act as both advocate and witness with respect to Plaintiff's breach of fiduciary duty claim against the Defendants.

The Sanford Firm must be disqualified from continuing to represent Plaintiff because its testimony is necessary to resolve to numerous issues of fact and the likelihood of prejudice is significant if it is allowed to testify while continuing to represent Plaintiff. The Sanford Firm has involved itself to the extent that it has "moved into the role of actor[] in the case unfolding before the court." *Zaccaro*, 2 Misc. 3d at 736. The advocate-witness rule requires disqualification of the Sanford Firm under the circumstances presented herein.

---

privilege is required to determine the validity of the client's claim or defense and application of the privilege would deprive the adversary of vital information." (*citing Jakobleff v. Cerrato, Sweeney & Cohn*, 97 A.D.2d 834, 835, 468 N.Y.S.2d 895 (App. Div. 1983)).

## B. The Risk of Prejudice from the Sanford Firm's Testimony and Documents is Substantial

A showing of prejudice is required as a means of proving the ultimate reason for disqualification. *Murray*, 583 F.3d at 178. In applying Rule 3.7, the Second Circuit has identified four (4) significant risks that the rule is designed to alleviate:

> (1) The lawyer might appear to vouch for his own credibility; (2) the lawyer's testimony might place opposing counsel in a difficult position when she has to cross-examine her lawyer adversary and attempt to impeach his credibility; (3) some may fear that the testifying attorney is distorting the truth as a result of bias in favor of his client; and (4) when an individual assumes the role of advocate and witness both, the line between argument and evidence may be blurred, and the jury confused.

*Id.* (*citing Ramey v. Dist. 141, Int'l Ass'n of Machinists and Aerospace Workers*, 378 F.3d 269, 282-83 (2d Cir. 2004). The Second Circuit has stated that the risks addressed by Rule 3.7 "matter because, if they materialize, they could undermine the integrity of the judicial process." *Id.*; *see also Hempstead Video, Inc. v. Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005).

Each of the risks identified above are applicable, should the Sanford Firm be permitted to continue as both advocate and witness. The impeachment of the Sanford Firm's credibility places an unnecessary burden upon the Defendants' counsel, especially where the Sanford Firm itself created this conflict by commencement of the action on behalf of Prout. The Sanford Firm will, of course, attempt to vouch for its own credibility, given that its conduct as successor counsel is at issue and its communications with the Defendants are at issue. This unnecessarily blurs the lines of evidence and will likely confuse the jury. The Sanford Firm's "simultaneous representation of [Plaintiff] and [its] need to defend [its] own conduct will 'blur the line between argument and evidence [such] that the jury's ability to find facts [will be] undermined.'" *Decker*, 716 F. Supp. 2d at 234 (*quoting Ramey*, 378 F.3d at 283). There is an obvious risk that

the Sanford Firm will distort the truth in order to assist its client's claims against the Defendants. Rule 3.7 expressly contemplates that because "witnesses are expected to testify from personal knowledge while attorneys are expected to comment and analyze evidence," "[w]hen the attorney of record testifies, a fact-finder is prone to confusion regarding whether the attorney is providing facts for evidence or merely commenting on facts." *Cf. S.S. v. D.M.*, 597 A.2d 870, 877 (D.C. Ct. App. 1991). It is likely that the Sanford Firm's testimony will be given "undue weight" by the jury as a result of his dual role. *Id.* This is the exact prejudice Rule 3.7 attempts to avoid.

The Defendants respectfully submit that they have sustained their burden of demonstrating the Sanford Firm is a necessary witness and that its continued advocacy will result in substantial prejudice. *Lamborn*, 873 F.2d at 531. Accordingly, the Sanford Firm cannot be permitted to act as both witness and advocate herein.

## POINT II

### THE SANFORD FIRM SHOULD BE DISQUALIFIED BECAUSE ITS REPRESENTATION OF PLAINTIFF CREATES A CONFLICT OF INTEREST

In addition to the advocate-witness rule, the Sanford Firm should also be disqualified because its role as both attorney to Prout and a potential witness presents a conflict of interest in violation of New York's Rules of Professional Conduct. Specifically, Rule 1.7(a) states, in pertinent part:

> [A] lawyer shall not represent a client if a reasonable lawyer would conclude that either: (1) the representation will involve the lawyer in representing differing interests; or (2) there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests.

N.Y. Rule of Professional Conduct 1.7(a).

Indeed, in *Decker*, the court held that a clear conflict of interest exists, meriting disqualification, based upon the "near certainty, and not merely speculative, that [plaintiff's counsel] [would] be named as a third-party defendant" in the same proceeding. *Decker* 716 F. Supp. 2d at 235; *see also Farrell Family Ventures, LLC v. Sekas & Assocs., LLC*, 863 F. Supp. 2d 324, 335 (S.D.N.Y. 2012) (finding conflict of interest warranting disqualification where defendant in legal malpractice action intended to implead plaintiff's counsel as third-party defendant for claims "arising out of the same transaction or occurrence as [plaintiff's] original claims" and where it was "highly likely that [the attorney] will be a witness on significant issues of fact related to the third-party claims"). As set forth above, the Defendants intend to implead the Sanford Firm, as Plaintiff's successor counsel, should they not prevail of their motion to dismiss the Plaintiff's Complaint. The Sanford Firm's own conduct is at issue herein, which will result in the assertion of a third-party claim against it. There is a "significant risk" that the Sanford Firm's "professional judgment … will be adversely affected" by its "own financial … interests." N.Y. Rule of Professional Conduct 1.7(a). Specifically, a reasonable lawyer would conclude that the Sanford Firm's potential financial exposure for its negligent representation of and/or negligent advice to Plaintiff would adversely affect its professional judgment.

It is abundantly clear that a conflict of interest involving the Sanford Firm, which requires its immediate disqualification as counsel for Prout.

## CONCLUSION

**WHEREFORE**, for the reasons stated herein, Defendants VLADECK, RASKIN & CLARK, P.C. and ANNE C. VLADECK, ESQ. respectfully request that this Court issue an Order disqualifying Sanford Heisler Sharp, LLP and all of its attorneys, as counsel of record for Plaintiff Alexander Prout within the instant action; and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 13, 2018

                            **KAUFMAN DOLOWICH & VOLUCK, LLP**
                            *Attorneys for Defendants*

                            Ivan S. Smith
                            Anthony J. Proscia
                            Adam M. Marshall
                            40 Exchange Place, 20th Floor
                            New York, New York 10005
                            T: (212) 485-9600